UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TYRONE MCKEOWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:08-CV-101 |
| ) | (PHILLIPS/GUYTON) |
| ) | |
| MICHAEL J ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure, for disposition of Plaintiff Tyrone McKeown's motions for attorney fees. The Plaintiff filed his Motion for Attorney Fees Pursuant to the Equal Access to Justice Act [Doc. 21], on October 7, 2008. The Plaintiff filed his Amended Motion for Attorneys Fees [Doc. 22] the following day, October 8, 2008. The Amended Motion corrects the total dollar amount requested and was meant to replace the previous motion. Thus, the Court will address the merits of the Amended Motion [Doc. 22].

On September 10, 2008, an Order was entered granting the parties' Joint Motion for Entry of Judgment With Remand, pursuant to 42 U.S.C. § 405(g) [Doc. 17]. In light of this judgment, the Plaintiff now seeks an award of fees and other expenses incurred in the course of this litigation under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d)(1). In the Amended Motion, the Plaintiff requests the Court enter an order awarding attorney fees in the amount of $1,624.90 under the EAJA.

Four conditions must be met before a plaintiff is entitled to EAJA attorney fees:

> 1. Plaintiff must be a prevailing party;
>
> 2. The government's position must be without substantial justification;
>
> 3. No special circumstances warranting denial of fees may exist; and
>
> 4. The application for attorney fees must be filed within 30 days of the final judgment in the action.

See 28 U.S.C. § 2412(d)(1).

In this case, Plaintiff obtained a "sentence four" remand, which, for purposes of EAJA fees, renders him a "prevailing party." See Melkonyan v. Sullivan, 501 U.S. 89 (1991).

To satisfy the "substantial justification" requirement, the Commissioner's position must be justified, "both in fact and in law, to a degree that could satisfy a reasonable person." Jankovich v. Bowen, 868 F.2d 867, 869 (6th Cir. 1989). In this case, the Commissioner has stated that he does not oppose Plaintiff's request for EAJA attorney fees, and has thereby conceded that the Commissioner's position in this matter was not substantially justified. [Doc. 24].

Further, the Court is not aware of, and has not been cited to, any "special circumstances" that would otherwise make an award of attorney fees unjust. Thus, the third condition for granting fees under the EAJA has been met.

On October 8, 2008, Plaintiff moved for a total fee amount of $1,624.90.[1] [Doc. 22]. The Amended Motion and its accompanying memorandum comprised an application for fees and were filed within 30 days of the final judgment in this matter. Thus, the fourth condition for granting fees under the EAJA has been met.

---

[1] 3.9 attorney hours at rate of $159.00 per hour; 8.8 paralegal hours at a rate of $46.00 per hour; and 8.0 law school student hours at a rate of $75.00 per hour.

Further, the Commissioner has no opposition to the Plaintiff's application for attorney fees and has stated that the Plaintiff is entitled to $1,624.90 in attorney fees.

Based upon the foregoing, the Court finds that the Plaintiff has met all the conditions contained in 28 U.S.C. § 2412(d)(1) and that the Plaintiff's motion is well-taken. Accordingly, it is hereby **RECOMMENDED**[2] that Plaintiff's Amended Motion for Attorney Fees Under Equal Access to Justice Act, 28 U.S.C. § 2412 **[Doc. 22]** be **GRANTED** and that a judgment awarding Plaintiff the amount of $1,624.90 for attorney fees be entered. Further, it is **RECOMMENDED** that the Plaintiff's First Motion for Attorney Fees **[Doc. 20]** be **DENIED AS MOOT**.

Respectfully submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[2]Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the ten-day time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).

3